UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 11-41301

MIDTOWN DEVELOPMENT GROUP, INC.,  Chapter 11

                Debtor.  Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR'S OBJECTION TO CLAIM OF
MOHAMAD BAZZI, AND DEBTOR'S MOTION TO DESIGNATE REJECTION OF
PLAN BY MOHAMAD BAZZI UNDER BANKRUPTCY CODE SECTION 1126(e)**

This case is before the Court on two related matters, namely (1) a claim objection filed by the Debtor on April 10, 2011, entitled "Debtor's Objection to Claim No. 7 Filed by Mohamad Bazzi," (Docket # 86, the "Claim Objection"); and (2) a motion filed by Debtor, also on April 10, 2011, entitled "Motion to Designate Rejection of Plan by Mohamad Bazzi Pursuant to Bankruptcy Code § 1126(e) (Docket # 87, the "Motion"). The Court held a hearing on these matters on May 18, 2011, and took them under advisement.

Both the Claim Objection and the Motion argue that the claim of Mohamad Bazzi ("Bazzi") against the Debtor, reflected in Bazzi's proof of claim filed on April 5, 2011 (Claim No. 7-1 in the Court's claims register) should be recharacterized as an equity investment. Bazzi's claim, reflected in his proof of claim, is that Debtor owes Bazzi $290,000, which includes interest, for a loan Bazzi made to Debtor under a document entitled "Assignment of Membership Interest Distribution" (the "Agreement").[1] The Agreement is dated May 19, 2006, and it is undisputed that under the Agreement, Bazzi advanced $150,000 to the Debtor in 2006. Under the Agreement, the $150,000, plus a 20% "annual return" on the $150,000, was to be paid

---

    [1] Copies of the Agreement are attached to Bazzi's proof of claim and to Bazzi's response to Debtor's Claim Objection (Docket # 98).

back to Bazzi by the Debtor no later than two years after Bazzi advanced the $150,000. Among other things, the Agreement obligated the Debtor to pay Bazzi, at the conclusion of two years, and to the extent Bazzi had not already been paid by that time, "the remaining principle plus interest owing on that amount (i.e. $210,000 less principal and interest payments)."[2]

The parties agree that the Debtor made no payments back to Bazzi under the Agreement. Bazzi's proof of claim characterized his claim as a secured claim, based on collateral of "unknown" value. The Agreement purports to grant Bazzi a "partial interest in" Debtor's "right to receive" distributions from a Michigan limited liability company owned by the Debtor, known as Willys Overland, LLC, in order "[t]o secure" the payments Debtor was required to make to Bazzi under the Agreement.[3] But at the May 18, 2011 hearing, counsel for Bazzi took the position that the claim should be considered a wholly unsecured claim, based on 11 U.S.C. § 506(a)(1). Similarly, and also at the May 18 hearing, *Debtor's* counsel took the position that if the Court does not recharacterize Bazzi's claim as an equity investment, the claim should be treated as a wholly unsecured claim, rather than as a secured claim. The Court agrees with this conclusion.

Debtor argues that Bazzi's claim against it should be recharacterized as nothing more than an equity investment *in Debtor's affiliate*, Willys Overland LLC, and therefore disallowed as claim against the Debtor in this bankruptcy case. This is the sole basis for both Debtor's Claim Objection and Debtor's Motion.

The Court must reject Debtor's argument. The Agreement, which was signed by and is

---

[2] Agreement at ¶ 1.

[3] *Id.*

solely between Debtor and Bazzi, clearly obligates Debtor to pay Bazzi $210,000 sometime in 2008 (two years after Bazzi advanced the $150,000 to Debtor in 2006,) plus 20% annual interest thereafter. Nothing in the Agreement can be construed as giving Bazzi any sort of equity investment in *the Debtor*. And Debtor's counsel made clear during the May 18 hearing that Debtor does not contend that the Agreement gave Bazzi any equity investment in *the Debtor*. Rather, as Debtor's counsel made clear during the hearing, Debtor contends only that Bazzi obtained an equity interest *in the Debtor's affiliate*, Willys Overland LLC, a Michigan limited liability company that is not in bankruptcy.

The Court does not need to determine whether Bazzi obtained some sort of equity interest in Willys Overland LLC under the Agreement. Even if Debtor is correct about that, it would not permit the Court to disallow *Bazzi's claim against the Debtor* by recharacterizing that claim as an equity investment. Debtor's argument simply does not fit the case law on recharacterization. In every one of the cases on recharacterization that the parties have cited, the question was whether a creditor's claim, for money owed by a bankruptcy debtor, can be recharacterized as an equity investment *in that debtor*; not as an equity investment in some other entity.[4]

In this case, by contrast, the Debtor clearly received a loan from Bazzi, and clearly obligated itself, unconditionally, to repay that loan to Bazzi no later than two years later, at 20% annual interest. And Debtor has disclaimed any argument that in exchange for the loan, Bazzi

---

[4] The cases cited by the parties on recharacterization of debt to equity are these: *Bayer Corp. v. MascoTech, Inc.* (*In re AutoStyle Plastics, Inc.*), 269 F.3d 726, 747-53 (6th Cir. 2001); *Fairchild Dornier GMBH v. Committee* (*In re Dornier Aviation (North America)*), 453 F.3d 225 (4th Cir. 2006); *Sender v. The Bronze Grp.* (*In re Hedged-Investments Assoc., Inc.*), 380 F.3d 1292 (10th Cir. 2004); *Miller v. Dow* (*In re Lexington Oil and Gas Ltd.*), 423 B.R. 353 (Bankr. E.D. Okla. 2010); *Gordon v. Wehrle*, No. 5:09 CV 2687, 2010 WL 3835223 (N.D. Ohio September 29, 2010).

3

obtained any equity interest *in the Debtor*. Regardless of whatever rights or interest Bazzi may have, *as against Willys Overland LLC*, if any, the fact remains that Bazzi clearly has a contractual right to payment *from the Debtor*, under the Agreement. Because Bazzi has a right to payment, as against the Debtor, and admittedly did not receive any equity interest in the Debtor, what Bazzi has, as against the Debtor, must be a non-priority, unsecured "claim" within the meaning of 11 U.S.C. § 101(5), entitled to be treated as all other such claims. Bazzi does not have, for example, an "equity security" in the Debtor within the meaning of 11 U.S.C. § 101(16), or an "interest" in the Debtor as that term is used in 11 U.S.C. §§ 501(a) and 1129(b)(2)(C).

The Court is unaware of any authority that would permit the Court, in this situation, to disallow Bazzi's claim *against the Debtor* through recharacterization. And Debtor has not cited any such authority.

For these reasons, the Court concludes that Debtor's recharacterization argument fails. As a result, the Court must overrule Debtor's objection to Bazzi's claim and must deny Debtor's Motion. The Court will enter a separate order.

**Signed on May 20, 2011**        **/s/ Thomas J. Tucker**
                                  **Thomas J. Tucker**
                                  **United States Bankruptcy Judge**